IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN EDWARDS,

        Plaintiff,                              No. CIV S-10-2852 GEB GGH P

    vs.

H.D.S.P., et al.                             ORDER and

        Defendants.                   FINDINGS AND RECOMMENDATIONS

_____/

        This case was removed to federal court from Lassen County Superior Court pursuant to 28 U.S.C. § 1441(b) on the basis that this court has original jurisdiction of plaintiff's claims arising under the First and Fourteenth Amendments. Plaintiff is a state prisoner proceeding pro se under 42 U.S.C. § 1983. See Docket # 2. Defendants have paid the filing fee.

        The complaint was dismissed with leave to amend in an order, filed on March 4, 2011, wherein the court informed plaintiff of the deficiencies in his complaint. Plaintiff filed a timely amended complaint but therein plaintiff has failed to cure the defects as set forth in the March 4, 2011, order, which is incorporated by reference herein. The amended complaint is nearly substantively identical to the dismissed complaint. Therefore, the court will now recommend dismissal of this action.

////

1

1  "Liberality in granting a plaintiff leave to amend 'is subject to the qualification
2  that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is
3  not futile.'" Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001),
4  quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). "Under Ninth Circuit case law,
5  district courts are only required to grant leave to amend if a complaint can possibly be saved.
6  Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v.
7  Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and
8  Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d
9  494, 497(9th Cir. 1995) ("a district court should grant leave to amend even if no request to
10  amend the pleading was made, unless it determines that the pleading could not be cured by the
11  allegation of other facts."). Lopez v. Smith, 203 F.3d 1122, 1124 (9th Cir. 2000) ("[A] district
12  court retains its discretion over the terms of a dismissal for failure to state a claim, including
13  whether to make the dismissal with or without leave to amend.")

Plaintiff's Request

15  Plaintiff has requested the appointment of counsel. The United States Supreme
16  Court has ruled that district courts lack authority to require counsel to represent indigent
17  prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In
18  certain exceptional circumstances, the court may request the voluntary assistance of counsel
19  pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
20  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court
21  does not find the required exceptional circumstances. Plaintiff's request for the appointment of
22  counsel will therefore be denied.

23  Accordingly, IT IS ORDERED that plaintiff's request for appointment of counsel,
24  filed on March 24, 2011 (docket # 10), be denied.

25  IT IS RECOMMENDED that:

26  1. For the reasons set forth in the March 4, 2011 (docket # 8), order, the amended

1 complaint be dismissed; and

2     2. Plaintiff having been granted ample opportunity to amend, this case be closed.

3     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 27, 2011

           /s/ Gregory G. Hollows

           GREGORY G. HOLLOWS
           UNITED STATES MAGISTRATE JUDGE

GGH:009
edwa2852.ofr